IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TYRONE ERIC SWINTON,         ) | |
|     Plaintiff,                                  ) | Case No. 7:22-cv-00162 |
|                                                        ) | |
| v.                                                      ) | |
|                                                        ) | By: Michael F. Urbanski |
| WALLENS RIDGE STATE PRISON, ) | Chief United States District Judge |
|     Defendant.                               ) | |

**MEMORANDUM OPINION**

    Tyrone Eric Swinton, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against Wallens Ridge State Prison ("Wallens Ridge"). Swinton paid the required filing fee on March 22, 2022. The case is now before the court for review under 28 U.S.C. § 1915A. Having reviewed the complaint, the court concludes that it must be summarily dismissed without prejudice for failure to state a claim against the named defendant.

    **I.**    **Background**

    Swinton is presently incarcerated at Wallens Ridge, where the events giving rise to this action occurred. Swinton alleges that he was placed in a dirty segregation cell on December 27, 2021, which had no mattress. Compl., ECF No. 1, at 3. Although Swinton notified officers on multiple occasions that he needed a mattress, the officers provided no assistance. Id. They also ignored his requests for a shower. Id. Swinton alleges that he "was refused a mattress and [a] shower for a total of 28 day[s] and was forced to sleep on a cold hard cell bunk that . . . caused [him] severe back trauma" for which he is "currently under the doctor's care." Id. at 3–4.

Swinton claims that his conditions of confinement in segregation violated his Eighth Amendment right to be free from cruel and unusual punishment. Id. at 4. He seeks to recover monetary damages "for the 28 days [he] had to go without a mattress and a shower." Id.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. Discussion

Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)).

2

In this case, the complaint lists Wallens Ridge as the sole defendant. However, a state prison is not a "person" subject to liability under § 1983. See Va. Office for Prot. & Advocacy v. Reinhard, 405 F.3d 185, 189 (4th Cir. 2005) (agreeing that a state agency "is not a 'person' within the meaning of [§ 1983]"); McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 893 (E.D. Va. 1992) (holding that correctional facilities in Virginia are properly considered "arms of the state" and "therefore not persons under § 1983"). Consequently, Wallens Ridge is not a proper defendant in this action.

Additionally, any claim against Wallens Ridge is barred by the Eleventh Amendment. Under the Eleventh Amendment, "an unconsenting State is immune from suit brought in federal court by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662–63 (1974). This protection also extends to state agencies and instrumentalities, Regents of Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997), including state prisons. See Hubbard v. Cal. Dep't of Corr. & Rehab., 585 F. App'x 403, 404 (9th Cir. 2014) (holding that the district court properly dismissed claims against state prisons "as barred by the Eleventh Amendment"). Therefore, absent waiver or abrogation of sovereign immunity, a claim against Wallens Ridge is "barred regardless of the relief sought." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).

In this case, the immunity afforded by the Eleventh Amendment has not been waived by the Commonwealth of Virginia. Nor has it been abrogated with respect to the federal claim asserted against Wallens Ridge. "While Congress may abrogate a State's Eleventh Amendment immunity by express statutory language, it has long been settled that 42 U.S.C. § 1983 . . . does not effect such an abrogation." In re Sec'y of Dep't of Crime Control & Pub. Safety, 7 F.3d

1140, 1149 (4th Cir. 1993). Consequently, Swinton's claim against Wallens Ridge is also barred by the Eleventh Amendment.

## IV. Conclusion

For the foregoing reasons, the court concludes that Swinton's complaint is subject to dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim against the only named defendant. Based on his status as a pro se litigant, however, and because he may be able to name proper defendants to an Eighth Amendment claim under § 1983, the court will dismiss the action without prejudice and allow him an opportunity to file an amended complaint, if he so chooses. An appropriate order will be entered.

Entered: April 22, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.04.22 16:33:53 -04'00'

Michael F. Urbanski
Chief United States District Judge